United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-50772
Summary Calendar

---

STARLENE J. SARABIA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:03-CV-108
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Starlene Sarabia appeals the judgment affirming the denial of her application for social security disability benefits. We review the denial of disability benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion.  It is more than a mere scintilla and less than a preponderance."  Id. (internal quotations and citation omitted).

Sarabia argues that the administrative law judge's assessment of her residual functional capacity is not supported by substantial evidence because the administrative law judge mis-characterized the degree of the mental limitations indicated in the psychological consultative report.  She argues that because the psychologist reported that she had only a "fair" ability with respect to certain assessments, and because the term "fair" is defined in the report as meaning that "the ability to function in this area is seriously limited but not precluded," the administrative law judge could not determine that her mental impairments were not severe without obtaining testimony from a vocational expert.

The use of a vocational expert is discretionary.  See 20 C.F.R. § 404.1566(e).  However, if the claimant suffers from nonexertional impairments, or a combination of exertional and nonexertional impairments which significantly affect his RFC, the Commissioner must rely on a vocational expert to establish that suitable jobs exist in the economy.  Newton, 209 F.3d at 458; Loza v. Apfel, 219 F.3d 378, 399 (5th Cir. 2000).

Research reveals no authority supporting Sarabia's assertion that the psychologist's "seriously limited" findings mandated a finding that her RFC was "significantly affected" by nonexertional impairments, thus requiring the testimony of a

vocational expert. Moreover, the ALJ properly considered other evidence in the record that conflicted with Sarabia's interpretation of the "fair" notations made on the medical-assessment form. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." Newton, 209 F.3d at 452. Finally, we note that Sarabia asserts that her argument is not that she "was disabled, per se," but rather that the ALJ erred in finding no disability without obtaining the testimony of a vocational expert. "This [c]ourt will not reverse the decision of the ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." Carey, 230 F.3d at 142. The judgment affirming the denial of disability benefits is AFFIRMED.